UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD E. NAYLON, JR. and
ELMWOOD-ANDERSON CORPORATION,
d/b/a "Jimmy Mac's,"

                Plaintiffs,
v.                                      **DECISION AND ORDER**
                                                05-CV-648S

ANTHONY S. BILLITIER, IV, M.D.,
Individually and in his Official Capacity as
Erie County Commissioner of Health,

                Defendant.

## I. INTRODUCTION

On September 14, 2005, Plaintiffs Richard E. Naylon, Jr. and Elmwood-Anderson Corporation commenced this action under 42 U.S.C. § 1983. Plaintiffs assert that Defendant Anthony S. Billitier, IV, M.D., the Erie County Health Commissioner, violated their substantive due process rights when he failed to promulgate regulations and procedures implementing New York Public Health Law 1399-u, which contains the waiver provisions applicable to New York's ban on smoking in certain restaurants.

Presently before this Court is Defendant's Motion to Dismiss Plaintiffs' Complaint, filed on September 5, 2006.[1] Plaintiffs filed their opposition on December 15, 2006. This Court took the matter under advisement following oral argument on January 22, 2007. For the reasons discussed below, Defendant's motion is denied.

---

[1] In support of his Motion to Dismiss, Defendant filed a memorandum of law and the Declaration of Joseph R. Reina, Esq. In response, Plaintiffs filed a memorandum of law.

1

## II. BACKGROUND

In adjudicating Defendant's motion, this Court assumes the truth of the following factual allegations contained in the Complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

At all times relevant to this case, Plaintiff Richard E. Naylon, Jr., was the sole shareholder and chief operating officer of Plaintiff Elmwood-Anderson Corporation, which operated a bar and restaurant in Erie County, New York, under the trade name "Jimmy Mac's." (Complaint, ¶¶ 1, 2.)  Defendant Anthony S. Billitier, IV, M.D., is the Commissioner of Health for Erie County.  (Complaint, ¶ 5.)

Prior to July 23, 2003, Plaintiffs operated Jimmy Mac's in compliance with the applicable statutes and regulations regarding the smoking of tobacco products on the premises.  (Complaint, ¶ 8.)  But effective July 23, 2003, the New York State Legislature amended the Clean Indoor Air Act ("CIAA"), codified as New York Public Health Law, Article 13-E, such that Plaintiffs could no longer permit smoking inside Jimmy Mac's.  (Complaint, ¶ 9.)  The Legislature further provided in the CIAA that an enforcement officer may issue a waiver of the smoking prohibition for businesses that could demonstrate an undue financial hardship or other factors that would render the implementation of the prohibition unreasonable.  (Complaint, ¶10.)

Defendant is an enforcement officer authorized to implement the CIAA.  (Complaint, ¶ 11.)  But at all times relevant, Defendant failed to fairly implement the waiver provisions of the CIAA by refusing to issue waivers for unknown and unsubstantiated reasons.  (Complaint, ¶ 11.)  Defendant's refusal to consider Plaintiffs' waiver application amounted

to a *de facto* determination that no waivers would ever be issued. (Complaint, ¶ 12.)

Consequently, Plaintiff challenged Defendant's refusal to consider waiver applications in the New York State Supreme Court. (Complaint, ¶ 13.) Only after being directed to do so by the state court did Defendant issue guidelines for waiver applications. (Complaint, ¶ 13). See Matter of Elmwood-Anderson Corp. v. Novello, 3 Misc.3d 858 (Sup. Ct. 2004). But the guidelines Defendant issued imposed unattainable criteria for waivers, and these requirements exceeded Defendant's statutory authority to implement the CIAA. (Complaint, ¶ 13.)

On October 1, 2004, the New York State Appellate Division, Fourth Department, affirmed the New York Supreme Court's finding that Defendant's guidelines for waivers were unenforceable because they were arbitrary, capricious, irrational, and exceeded the terms of the statute, (Complaint, ¶ 14). See Matter of Elmwood-Anderson Corp. v. Novello, 11 A.D.3d 969 (4th Dept. 2004).

Defendant failed to reformulate the guidelines as directed by the Fourth Department. (Complaint, ¶ 15.) Plaintiffs allege that for the period beginning July 23, 2003, through and including October 18, 2004, Defendant's inaction, obfuscation, and illegal non-compliance with the Fourth Department's order to formulate guidelines unconstitutionally denied them the ability to secure a waiver from the smoking prohibition, a waiver for which they were qualified under the CIAA. (Complaint, ¶ 16.) Plaintiffs allege that they would have successfully obtained such a waiver if Defendant had implemented proper and legitimate guidelines. (Complaint, ¶ 17.)

Plaintiffs claim that as a result of Defendant's refusal to grant them a waiver, Jimmy Mac's suffered financial losses and was eventually rendered insolvent. (Complaint, ¶ 18.)

On October 18, 2004, Plaintiffs closed Jimmy Mac's and sold it at a price well below its value. (Complaint, ¶ 19.) Plaintiff's allege that Defendant's actions (or inaction) were willful, wanton, malicious, and oppressive. (Complaint, ¶ 20.) Plaintiffs seek $1,000,000 in compensatory damages, and $50,000 in punitive damages. (Complaint, p. 6 ¶¶ 1, 2.)

### III. DISCUSSION

**A.**     **Legal Standard**

Defendant brings his Motion to Dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." Fed. R. Civ. P. 12(c). Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Id. The case cannot be dismissed unless the court "is satisfied that the complaint cannot state any set of facts that would entitle [plaintiff] to relief." Id.

Federal pleading standards are generally not stringent. See Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005) (describing federal pleading requirement as "bare bones notice pleading"); Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003) ("The federal rules allow simple pleadings and rely on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." (quotation and citation omitted)). Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Complaint need only "give the defendant fair notice of what the plaintiff's claim

is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Fair notice is "that which will enable the adverse party to answer and prepare for trial." Lee v. HealthFirst, Inc., No. 04 Civ. 8787, 2006 WL 177175, at *3 (S.D.N.Y. Jan. 25, 2006) (quoting Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004)). **B. Defendant's Motion to Dismiss**

Plaintiffs assert a single cause of action alleging that Defendant violated their substantive due process right to fair treatment by a government official tasked with administering a government program. Defendant maintains that dismissal of Plaintiffs' Complaint is warranted because Defendant did not deprive Plaintiffs of any fundamental, constitutional right and, in any event, Defendant is entitled to qualified immunity.

**1. Substantive Due Process**

Not all governmental actions that infringe on rights are of constitutional proportion. In order to sufficiently state a substantive due process claim, Plaintiffs must allege that the governmental action at issue is "arbitrary, conscience-shocking, or oppressive in a constitutional sense." Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995). Substantive due process does not protect against action by a state actor that is simply "incorrect or ill-advised." Id. (citing Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994)).

Considering the allegations in the Complaint in Plaintiffs' favor, Plaintiffs maintain that Defendant refused to allow them to apply for the waiver of the smoking ban that was authorized by statute. (Complaint, ¶ 12.) Then, after Plaintiffs successfully sued Defendant in state court, Defendant responded by imposing unattainable criteria for waivers that were later found to be arbitrary, capricious, irrational, and beyond the terms of the statute.

5

(Complaint, ¶ 14.)  Further, after being ordered by a state appellate court to reformulate the criteria for issuing waivers, Defendant failed to do so in a timely manner, causing Plaintiffs injury.  (Complaint, ¶¶ 15-19.)  It is alleged that Defendant acted (or failed to act) willfully, and with malicious and oppressive intent.  (Complaint, ¶ 20.)

At this stage, whether Plaintiffs can prove their allegations against Defendant is not at issue.  The inquiry is whether these allegations sufficiently state a claim of "arbitrary, conscious-shocking, or oppressive" actions by a state actor in contravention of Plaintiffs' substantive due process rights.  See Kaluczky, 57 F.3d at 211.  This Court finds that they do.  Defendant's Motion to Dismiss is therefore denied.

### 2. Qualified Immunity

Defendant argues that even assuming that there was a deprivation of Plaintiffs' substantive due process rights, he is entitled to qualified immunity.  Officials are protected from § 1983 liability on the basis of qualified immunity if their actions (1) did not violate clearly established law, or (2) it was objectively reasonable for the officials to believe that their actions did not violate the law.  See Warren v. Keane, 196 F.3d 330, 332 (2d Cir. 1999).

"The doctrine of qualified immunity protects state officials from civil liability for actions performed in the course of their duties 'if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Luna v. Pico, 356 F.3d 481, 490 (2d Cir. 2004) (quoting Wilson v. Layne, 526 U.S. 603, 614, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)); Velez v. Levy, 401 F.3d 75, 100 (2d Cir. 2005).  State officials who engage in actions that they "reasonably believe to be lawful" are protected.  Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

A defendant is therefore shielded from liability if he did not violate clearly established law or it was objectively reasonable for him to believe that he was not acting contrary to clearly established law. Luna, 356 F.3d at 490; Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting' all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 341, 343, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

Defendant's entitlement to qualified immunity cannot be determined without resolution of disputed issues of fact. If Plaintiffs are able to prove that Defendant knowingly and maliciously deprived them and others of benefits specifically provided by statute, Defendant's qualified immunity defense may not succeed. At this juncture, this Court cannot conclude as a matter of law that Defendant's are entitled to the protection of qualified immunity. Accordingly, Defendant's Motion to Dismiss on this basis is denied.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is denied.

### V. ORDER

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 12) is DENIED.

SO ORDERED.

Dated:     September 3, 2007
           Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge

7