UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD E. NAYLON, JR.,
ELMWOOD-ANDERSON CORPORATION,
d/b/a "Jimmy Mac's",

                       Plaintiffs,                  **Hon. Hugh B. Scott**

                                                          05CV648S

                          v.                         **Order**

M.D. ANTHONY S. BILLITIER, IV, Individually and in his
Official Capacity as Erie County Commissioner of Health,

                       Defendant.

Before this Court is defendant's motion to compel production of discovery and to extend the schedule for this case (Docket No. 34[1]). Prior to referral of this case to the undersigned, responses were due by August 7, 2009, with any reply by August 21, 2009, with the motion deemed submitted (without oral argument) on August 21, 2009 (Docket No. 37). On August 12, 2009, this case was transferred from Magistrate Judge Schroeder and referred to the undersigned (Docket No. 40).

## BACKGROUND

This is a civil rights action by the proprietors of Jimmy Mac's, a restaurant and bar on Elmwood Avenue, in Buffalo, New York. Effective July 23, 2003, the New York State Legislature amended the Clean Indoor Air Act to no longer permit smoking inside public places,

---

[1]In support of his motion, defendant submits his attorney's declaration (with exhibit, the discovery sought and subsequent correspondence to plaintiff's counsel), Docket No. 34. In response, plaintiff submits his new attorney's declaration, with exhibit, Docket No. 39.

such as Jimmy Mac's (Docket No. 1, Compl. ¶ 9; see Docket No. 21, Order at 2). The act authorized enforcement officers (such as defendant Erie County Health Commissioner) to issue waivers of the smoking prohibition for businesses that demonstrate an undue financial hardship or other factor that would render implementation of the prohibition unreasonable (Docket No. 1, Compl. ¶¶ 11, 10; Docket No. 21, Order at 2). Plaintiffs unsuccessfully sought a waiver of the anti-indoor smoking laws, but allege that defendant took so long in adopting guidelines for applying for a waiver, that the guidelines adopted were arbitrary and capricious, and defendant was ordered to formulate these guidelines but failed to timely do so, resulting in plaintiffs closing Jimmy Mac's in October 2004 at a loss (see Docket No. 34, Def. Atty. Decl. ¶¶ 4-8; see also Docket No. 21, Order at 2-4).

Defendant moved to dismiss (Docket No. 12), which was denied (Docket No. 21).

Defendant then sought plaintiffs' response to his Interrogatories and first document demands (Docket No. 34, Def. Atty. Decl. ¶ 14, Ex. A). Defendant notes his counsel's efforts to communicate with plaintiffs' counsel regarding responses to these demands (id. ¶¶ 15-19, Exs. B, C). Defendant also seeks an extension of the time to complete fact discovery, by 90 days, because the outstanding discovery is needed for depositions and delaying "the timely completion of discovery," (id. ¶¶ 22, 23, 21). He requests a 90-day extension of the entire Case Management Order to allow plaintiffs time to respond to the outstanding discovery, complete (yet to be scheduled) depositions and other discovery (id. ¶ 23).

Plaintiffs, however, have retained three attorneys during the course of this action. First, David Jay represented plaintiffs, serving responses to defendant's document demands, until illness compelled him to discontinue his representation (see Docket No. 39, Pls. Atty. Dec. ¶¶ 2-

3, Ex. A (copy of response to document demands)). David Seeger then assumed the representation, when defendant served its First Set of Interrogatories which Seeger apparently ignored (id. ¶ 3). After this motion to compel was filed, Seeger was replaced in July 2009 by Hodgson Russ LLP, and plaintiffs' new firm is preparing responses to defendant's demands (id. ¶ 5). Plaintiffs seek additional time to respond to this discovery (id. ¶ 6), although they did not state how much time their new counsel required to respond to the demands. Plaintiffs do not appear to object to defendant's alternative request for extension of the Case Management Order.

DISCUSSION

I. Defendant's Discovery Demands

Plaintiffs, though new counsel, indicate their willingness to produce documents and answer Interrogatories if given additional time and defendant (in his alternative relief) appears willing to give plaintiffs additional time to do this. Defendant does not seek additional sanctions, cf. Fed. R. Civ. P. 37(a)(5)(A) (court must require attorney advising conduct that warranted motion to compel to pay movant's reasonable motion expenses, unless nondisclosure was substantially justified or other circumstances make an award of expenses unjust), and the delay to date in producing appears attributable to former plaintiffs' counsel. Thus, defendant's motion to compel is **granted**. Plaintiffs thus have **thirty (30) days from entry of this Order** in order to respond to defendant's pending discovery demands.

II. Amended Schedule

All sides seek an extension of fact discovery and the undersigned recently was assigned to this case. The ninety days for extension of discovery sought by defendant (Docket No. 34, Def. Atty. Decl. ¶ 23) is an appropriate amount of time to complete discovery in this case. Good

cause has been shown for a further amendment of the Case Management Order (the fifth here); defendant's request for an extension is **granted**.

Thus, the Fifth Case Management Order is as follows. The previous Case Management Order (Docket No. 33) is hereby modified as follows (unless otherwise changed below, the remaining dates in the previous Scheduling Order continue in effect):

1. All discovery in this case shall conclude on **November 23, 2009**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

2. The plaintiffs shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **September 25, 2009**; the defendant shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **October 16, 2009**. See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994. All expert discovery shall be completed on or before **October 30, 2009**.

3. In the event settlement is not effectuated, dispositive motions, if any, shall be filed no later than **February 23, 2010**.

4. In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(d) shall be <u>filed and served</u> no later than **April 14, 2010**.

5. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

6. A final pretrial conference pursuant to Fed. R. Civ. P. 16(d) and Local Rule 16.1(f) will be held on **Wednesday, May 5, 2010, 9 am,** with Judge Skretny.

7. Jury Trial is set for **Tuesday, July 13, 2010, 9:30 am**.

## CONCLUSION

For the reasons stated above, defendant's motion to compel (Docket No. 34) is **granted** as described above.

So Ordered.

/s/ Hugh B. Scott<br>
Honorable Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
August 28, 2009